# S.

## Case No. 12,192.

### SABBICH v. PRINCE.

[Cited in Baxter v. Leland, Case No. 1,124. Nowhere reported; opinion not now accessible.]

---

## Case No. 12,193.

### In re SABIN.

[9 N. B. R. (1874) 383.] [1]

### District Court, E. D. Michigan.

BANKRUPTCY—SECURED CLAIM — LEAVE TO FORE-CLOSE—REASONS ASSIGNED—HOW PETITION VERIFIED.

1. In order to entitle a mortgagee to apply to the court for leave to foreclose his mortgage in another court, he must prove his debt in the bankruptcy court as a secured claim. The petition must allege this fact, the date and amount of the debt proved; the mortgaged property must be fully described, and it must be stated what other encumbrances there are upon the property, and, if there are any, they must be fully described. It must state the actual value of the mortgaged property; if the value is greater than the encumbrances it must be made to appear that the rights of the petitioner cannot be fully protected by a sale by the assignee under the bankruptcy proceedings.

2. The petition must be signed and duly verified by the same officers and in the same manner as oaths in other cases to be used in the courts of the United States. When administered by a notary public the signature and notarial seal of the notary constitute a sufficient authentication.

[This was a petition by Philo R. Sabin for leave to foreclose his mortgage in another court.]

LONGYEAR, District Judge. The petition falls far short of stating a case upon which the court can act, and the same cannot therefore be entertained. Petitions of this kind are frequently presented, and they are mostly in like manner defective, evincing a want of knowledge, on the part of practitioners in this court, of the requisites necessary in such cases, and of the grounds upon which the court will entertain application to relinquish the administration of mortgaged assets in its custody, under its own supervision and proceedings. I therefore avail myself of the present opportunity to lay down the general principles applicable in such cases:

In order to entitle a mortgagee to apply to the court for leave to foreclose his mortgage in another court, he must prove his debt in the bankruptcy court as a secured debt, as provided by the bankruptcy act. Phelps v. Sellick [Case No. 11,079], and cases there cit-

---

[1] [Reprinted by permission.]

ed. The petition must allege this fact, and also the date of the proof and the amount of the debt as proved. The mortgage and the property covered by it must be fully described in the petition; and it must be stated whether there are other and what encumbrances upon such property, with a full description of such other encumbrances, if any. It must be made to appear that the estate has no ultimate interest in the mortgaged property; and to this end the petition must state the actual value of the mortgaged property, in order that the court may be informed whether there is or is not a surplus of value over the encumbrances. Phelps v. Sellick, supra.

In case the value of the property is greater than the encumbrances, it must be made to appear that the rights of the petitioner cannot be fully protected by a sale of the property by the assignee under the bankruptcy proceedings, either subject to the encumbrances, or free of the same, and the debt or debts paid out of the proceeds; and to this end the petition must state the facts from which such conclusion is claimed to follow. The petition must be signed and duly verified. The oath must be administered by the same officers and in the same manner as oaths in other cases to be used in the courts of the United States. When administered by a notary public the signature and notarial seal of the notary constitute a sufficient authentication. Act Cong. Sept. 16, 1850 (9 Stat. 458). When not accompanied by such seal the signature and official character of the notary must be authenticated in the usual manner.

Upon the presentation of a petition containing the foregoing requisites, the same will be entertained, and an order will be made requiring the assignee to show cause why the same should not be allowed; and thereupon such proceedings will be had and order made as the court shall deem best for the interests of all concerned. In cases where the mortgaged property shall have been legally conveyed by the bankrupt before the commencement of the bankruptcy proceedings, so that no right, claim or interest therein has passed to or is set up by the assignee in virtue of the bankruptcy proceedings, no application to the bankruptcy court for leave to foreclose is necessary.

In this instance the petition omits most of the foregoing requisites. It cannot, therefore, be entertained, and the clerk will return the same to the petitioner or his solicitor, together with a copy of this opinion.

[For subsequent proceedings in this litigation, see Cases Nos. 12,194 and 12,195.]